UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGINA SUTTON CHENNAULT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:10-CV-497-PLR-HBG |
| | ) |
| PAMELA SUTTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Regina Sutton Chennault, brings this civil action against Defendant, Pamela Sutton, under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* Currently pending before the court is Defendant's motion for summary judgment. The court has carefully considered the pending motion and the supporting exhibits in light of the applicable law. For the reasons stated herein, the court finds Defendant's motion for summary judgment well-taken, and it will be **GRANTED.**

## I. Procedural Background

Plaintiff filed the original complaint in this action on August 4, 2010, in the United States District Court for the District of Alaska. Defendant filed a motion to dismiss for lack of jurisdiction on September 10, 2010, and on November 2, 2010, the parties stipulated to the transfer of the case to the Eastern District of Tennessee at Knoxville.

Defendant filed an answer to the complaint, as well as a counterclaim for declaratory judgment, on December 10, 2010. Defendant thereafter filed her motion for summary judgment on February 16, 2014. Pursuant to Local Rule 7.1, Plaintiff's response was due 21 days thereafter. No response was received from Plaintiff, and the Court issued an order for Plaintiff to show cause in writing by April 11, 2014, why Defendant's motion for summary judgment should not be granted. No response was received to the show cause order. Accordingly, pursuant to Local Rule 7.2, The Court will deem Plaintiff's failure to respond to the motion and the Court's order as a waiver of any opposition to the relief sought by Defendant in this case.

## II.  Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular

2

element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

### III. Factual Background

Marvin Sutton, also known as "Popcorn" Sutton, was the husband of Defendant Pamela Sutton. Plaintiff Regina Sutton Chennault is Marvin Sutton's daughter. Marvin Sutton died on March 16, 2009. Ten years earlier, in 1999, Marvin Sutton wrote the book "Me and My Likker." The book tells his life's story and describes his profession and personal philosophy. For several years after he wrote the book, Marvin Sutton sold it from his shop in Maggie Valley, North Carolina. Prior to his death in 2009, Marvin Sutton completed a new and revised edition of his book with many additional stories and photos ("My and My Likker, a true story of a mountain moonshiner"). He arranged to

3

have about 1000 copies of this second book printed, and paid for the printing prior to this death. He also arranged for one particular bookstore in Knoxville, Tennessee to sell the revised edition of his book.

After her husband's death on March 16, 2009, Defendant Pamela Sutton received the copies of the second book her husband had ordered from the printer. She has not had the book printed or published further. Within two months of her husband's death, Defendant delivered a number of copies to the Knoxville bookstore, in accordance with the arrangements her husband had made before his death. In addition, although she has not advertised either book, others have spread the word that the book can be obtained by sending Defendant a request with a check. Defendant has honored these requests and sent the second book to people who requested it. The usual price she obtains for the second book is $50. Shortly after her husband's death, Defendant sent a copy of the revised book to his daughter, Plaintiff Regina Sutton Chennault.

Plaintiff claims that the 1999 book "Me and My Likker" was written by Marvin Sutton together with Ernestine Upchurch and that Upchurch secured the exclusive rights and privileges in and to the copyright of this book on March 27, 2009. This was eleven days after Marvin Sutton's death. Plaintiff further claims that Upchurch transferred this copyright to her in October of 2009, and that she sent a letter dated October 29, 2009 to Defendant demanding that she cease and desist publishing and placing on the market the book "Me and My Likker, the true story of a mountain moonshiner." Plaintiff obtained a certificate of registration from the Copyright Office of the United States for the works "Me and My Likker" and "Me and My Likker, (A Revised Edition)", Registration

4

Number TXU-1-628-180. Plaintiff stated on the certificate that she obtained ownership "by inheritance and subsequently by written agreement."

In her demand for relief, Plaintiff requests that Defendant be enjoined from infringing the copyright of Plaintiff in any manner, and from publishing, marketing, or otherwise disposing of any copies of the book entitled "Me and My Likker" or "Me and My Likker, a true story of a mountain moonshiner" or anything deceptively similar, and for damages, attorney's fees, and costs.

Marvin Sutton's estate was probated in the Chancery Court of Cocke County, Tennessee. Plaintiff obtained an appointment as administratrix by filing a statement that Marvin Sutton had died intestate, but she was removed in April of 2010 in favor of Defendant, who was named executrix. Marvin Sutton's Last Will and Testament gave his entire estate, both real and personal property, to his wife, Defendant Pamela Sutton.

Defendant's answer filed in this case states that Plaintiff's claims are barred due to Plaintiff's fraud on the U.S. Copyright Office in obtaining Copyright Registration Number TXU 1-628-180. Contrary to the information provided in the application for copyright registration submitted by Plaintiff to the U.S. Copyright Office, Plaintiff did not acquire Marvin Sutton's copyrights in the registered work by inheritance. Defendant also asserts that the claims in Plaintiff's Complaint are barred because Plaintiff lacks standing to assert the claims. Defendant asserts that Plaintiff neither has been nor now is the sole or exclusive owner of the copyrights in the book entitled "Me and My Likker," and Plaintiff does not have the exclusive right to publish, print, copy, and distribute the book. Defendant contends that she received written license and consent from Marvin

5

Sutton, author of the book entitled "Me and My Likker," to sell the book. Moreover, Defendant is the owner and assignee of all right, title, and interest in Marvin Sutton's copyrights in the book by inheritance. As the owner of the copyright in the book, Defendant asserts she has the right to publish, print, copy, and distribute the book. Defendant further states that Plaintiff's request for statutory damages and attorney's fees is barred under 17 U.S.C. § 412, due to Plaintiff's failure to register her alleged copyrights in the book within three months from the date of first publication or prior to Defendant's alleged infringement thereof.

Defendant asserts a counterclaim against Plaintiff seeking a declaratory judgment decreeing that she has not infringed any copyrights owned by Plaintiff in the book entitled "Me and My Likker," and that Defendant is the owner of all right, title, and interest in Marvin Sutton's copyrights in the book. Defendant asks the court to dismiss Plaintiff's Complaint in its entirety, and to render a judicial determination of the rights and liabilities of the parties. Specifically, Defendants asks the court to enter judgment that (a) Defendant has not infringed on any copyright of Plaintiff; (b) Defendant is the owner of all right, title, and interest in and to Marvin Sutton's copyright in the book entitled "Me and My Likker"; (c) U.S. Copyright Registration Number TXU-1-628-180 should be corrected to identify Defendant as copyright claimant to Marvin Sutton's copyright in the registered work and to otherwise correct the registration; and (4) Defendant be awarded her costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

## IV. Analysis

Defendant moves the court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of Defendant on all Plaintiff's claims, and summary judgment in favor of Defendant on her counterclaims for declaratory judgment. Plaintiff claims to have all rights in the work co-authored by Marvin Sutton and Ernestine Upchurch, by inheritance and assignment. However, Defendant avers that Plaintiff did not obtain Marvin Sutton's rights by inheritance. Rather, Marvin Sutton's Last Will and Testament gave all rights to his widow, Defendant Pamela Sutton. Plaintiff challenged Marvin Sutton's Last Will and Testament in Cocke County Chancery Court, but her challenge was dismissed. Plaintiff appealed the Chancery Court's dismissal, and her appeal was denied by the Tennessee Court of Appeals. The Tennessee Supreme Court later denied Plaintiff's application for permission to appeal. Accordingly, Marvin Sutton's Last Will and Testament stands, and Defendant inherited his rights in the book and Registration. Defendant asserts that as an owner of an author's rights in the book, she has the full right to reproduce, distribute, and sell the book. Therefore, Plaintiff's claims for infringement must be dismissed.

The Copyright Act of 1976 provides that copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection. *Id.* It is well-settled that, generally, joint copyright owners are deemed "tenants in common," with each owning an undivided interest in the entire copyright, and each owner is entitled to all of the

7

exclusive rights held by copyright owners, including the right to issue non-exclusive licenses of the work. *Downey v. Downey,* 2010 WL 3781715 (S.D.Ohio 2010). In a joint work, the joint authors hold undivided interests in a work, despite any differences in each author's contribution. *Erickson v. Trinity Theatre, Inc.,* 13 F.3d 1061, 1068 (7th Cir. 1994) (citing 17 U.S.C. § 201).

Here, Plaintiff asserts that in 1999 a book entitled "Me and My Likker" was written by Marvin Sutton and Ernestine Upchurch. Upon its creation, title in the book vested, at least initially, in Marvin Sutton and Ernestine Upchurch. Accordingly, each was entitled to all of the exclusive rights held by copyright owners.

Joint owners may convey their individual interest in the joint work to a third party, but do not have the power to transfer the interest of another joint owner without the latter's consent. *See 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright* § 6.11 (Matthew Bender, Rev. Ed.). Further, under 17 U.S.C. § 204, a transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

The record shows that "Me and My Likker" was registered under Registration Number TXU 1-628-180 with the Register of Copyrights and with an effective date of December 28, 2009. The Copyright Registration lists Ernestine Upchurch and Marvin Sutton as co-authors of the work. Plaintiff claims in the Registration to have obtained the authors' rights in "Me and My Likker" by inheritance and by written agreement. However, Plaintiff has failed to show that she is the exclusive owner of all the rights in

the book. For purposes of the present motion, Defendant does not dispute that Ernestine Upchurch's rights were assigned to Plaintiff by written agreement, but argues that Plaintiff has failed to show that Marvin Sutton's rights in the book were transferred to either Ernestine Upchurch or to Plaintiff. Under 17 U.S.C. § 204, such a conveyance may only be made in writing and signed by the owner of the rights conveyed, and Plaintiff has failed to provide the court with any signed document conveying Marvin Sutton's right to Plaintiff.

17 U.S.C. § 201(d)(1) states that ownership of a copyright may be transferred through a will. Plaintiff claims to have obtained Marvin Sutton's rights through inheritance, but the record shows that Marvin Sutton, through his Last Will and Testament, conveyed all of his assets, which would include his ownership interest in the book and the Registration, to Defendant upon his death. The court finds that Plaintiff could not have acquired the rights in the book or to the Registration through inheritance from Marvin Sutton and those rights passed, instead, to Defendant upon the death of Marvin Sutton.

Further, although the Registration lists Plaintiff as the current owner, this raises only a rebuttable presumption of validity. *See Hi-Tech Video Prods. Inc. v. Capital Cities/ABC, Inc.,* 58 F.3d 1093, 1095 (6th Cir. 1995). Courts have cautioned against placing too much weight on the facts alleged in a registration certificate. "The Copyright Office's practice of summarily issuing regulations . . . counsels against placing too much weight on registrations as proof of a valid copyright." *Universal Furniture Int'l Inc. v. Collezione Europa USA, Inc.,* 618 F.3d 471, 428 (4th Cir. 2010). Accordingly, a

9

reviewing court "should assess other relevant indicia of ownership, such as the parties' intent and the terms of transfer agreements and other documents establishing a chain of title." *Id.*

Here, the record shows that Marvin Sutton was an author and co-owner of the copyrighted book. Defendant obtained Marvin Sutton's rights in the copyrighted material through inheritance and is now the owner. Each owner is entitled to all of the exclusive rights held by copyright owners. *Downey,* 2010 WL 3781715 at * 2. As a co-owner of the copyright in the book, Defendant has the right to produce the book, and any production is not infringement. 17 U.S.C. § 106 ("The owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyright work in copies . . ."). As joint owners of the copyrighted material, Plaintiff cannot make a claim against Defendant as their rights are the same related to the book. Accordingly, the court finds Defendant's motion for summary judgment is well-taken, and that Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims. The court further finds that Defendant is entitled to judgment as a matter of law on her counterclaims against Plaintiff.

## V.  Conclusion

In light of the foregoing discussion, Defendant's motion for summary judgment [R. 32] is **GRANTED.** Plaintiff's claims against Defendant are **DISMISSED**, **with prejudice.**

Defendant is **GRANTED** judgment on her counterclaims that (a) Defendant has not infringed on any copyright of Plaintiff; (b) Defendant is the owner of all right, title,

and interest in and to Marvin Sutton's copyrights in the books entitled "Me and My Likker" and "Me and My Likker, (A Revised Edition)"; and (c) U.S. Copyright Registration Number TXU-1-628-180 shall be corrected to identify Defendant as copyright claimant to Marvin Sutton's copyrights in the registered work and to otherwise correct the registration.

Defendant is hereby awarded her costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. Defendant shall file her memorandum in support of her request for costs, expenses, and attorney fees within **thirty (30) days** of entry of this Memorandum Opinion.

Enter:

_____
UNITED STATES DISTRICT JUDGE