UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

REGINA SUTTON CHENNAULT, )
)
        Plaintiff, )
v. )
) No. 3:10-CV-497-PLR-HBG
PAMELA SUTTON, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

**I.    BACKGROUND**

On May 5, 2014, the District Judge entered judgment in favor of the Defendant, and pursuant to 17 U.S.C. § 505, awarded the Defendant her costs and attorney's fees reasonably incurred in litigating this action.

The Defendant filed a Memorandum in Support of Request for Costs, Expenses and Attorney Fees [Doc. 40], on June 3, 2014, moving the Court to award costs, expenses, and attorney fees totaling $12,174.05. The District Judge entered an Order referring the request for costs, expenses, and attorney fees to the undersigned the next day. The Plaintiff failed to file a response in opposition to Defendant's request, and the time for doing so has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5, 6.

## II. POSITIONS OF THE PARTIES

The Defendant states that defense counsel has provided legal services to the Defendant in this case for over three years. The Defendant maintains that the $12,174.05 requested is reasonable for the services rendered.

As stated above, the Plaintiff has not filed a timely response in opposition to the relief sought. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

## III. ANALYSIS

As an initial matter, the Court finds that the Defendant's request for costs, expenses, and fees in the amount of $12,174.05 is unopposed, and it could be granted on this basis alone.

Nonetheless, the Court has considered the reasonableness of the Defendant's request. The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred. See Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000).

*A. Hourly Rate Charged*

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel. The Court's review of this issue is hindered by the fact that counsel for the Defendant has not stated the hourly rate charged by the attorneys who billed hours on this case. The Court has undertaken its own calculations to determine the hourly rates charged. It appears that Michael J. Bradford, a shareholder in the Ludeka Neely firm, has billed at a rate of $240 per hour. There are miscellaneous other personnel, who are identified by

initials only, who billed at rates of approximately $125.00 per hour or less.[1] It appears that these persons were paralegals or other office personnel. The Court finds that the rates charged by these personnel and Mr. Bradford are reasonable.

The Court has also reviewed the rates charged by Andrew S. Neely, the senior shareholder at Ludeka Neely law firm. Again, Mr. Neely's hourly rate is not specifically stated, but it appears to the Court that Mr. Neely charged up to $380 per hour. [See Doc. 40 at 6, entry dated Feb. 28, 2011][2]. The Court finds that this hourly rate exceeds the hourly rate generally deemed to be reasonable in this District.

Where a party moves the Court to award fees, $300.00 per hour is reasonable compensation for work performed by top-tier attorneys in the Eastern District of Tennessee. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour), *accepted in whole* by Chief District Judge at 2014 WL 1745432; Penn. Higher. Edu. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal

---

[1] *E.g.*, "DIS" on p. 3; "LKD" on p. 5.
[2] $95.00 charged for .25 hours yields an hourly rate of $380.

3

market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co., 654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) *amount of award sustained at* Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

Defendant has failed to demonstrate any basis for exceeding the rate of $300 per hour. Accordingly, the Court finds that it is appropriate to reduce the attorney fees and expenses[3] requested in this case by ten percent (10%). This reduction will align Mr. Neely's proposed hourly rate with the rates deemed reasonable within this District. Mr. Neely's rates were up to twenty percent (20%) above the rate generally deemed to be reasonable. However, the Court has only reduced the requested amount by ten percent (10%) because Mr. Neely was not the most frequent biller on this file. Additionally, the Court finds that this reduction is reasonable because the hourly rates at issue were charged over three years ago, while the legal market in the United States was recovering from a severe economic downturn.

B.      *Hours Expended*

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. Defendant has provided the Court with invoices and hourly billing records for this case. [Doc. 40]. The undersigned has reviewed these documents and finds that the hours expended in obtaining the judgment in this case were reasonable. Accordingly, the Court finds that it is appropriate to compensate the Defendant for the hours expended.

---

[3] The Court reduces both the attorney fees, costs, and expenses because the Plaintiff presented these amounts as a single total and failed to supply the Court with separate totals for the attorney fees and the expenses respectively.

## IV. CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS**[4] the Defendant be awarded **$10,956.65**, representing the fees, costs, and expenses reasonably incurred in this case.

Respectfully Submitted,

_____
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).